UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TAYLUMA DEL SOL GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-177 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Tayluma Del Sol Gonzalez is currently detained by Immigration and Customs Enforcement at the El Valle Detention Facility in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), alleging claims based on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.  Petitioner also alleges a claim based on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

On February 6, 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  The Court ordered Petitioner to file a Statement in support of the Petition addressing prior decisions by this Court considering and rejecting due process claims similar to those that Petitioner alleges. (*See* Order, Doc. 3)  Petitioner timely submitted her Statement (Doc. 4).

Based on the record and the applicable law, the Court finds Petitioner's due process claim without legal basis.  Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the

1 / 2

Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).  The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

Petitioner also alleges that her detention violates federal regulations, asserting a claim under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954).  "It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025).  But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).  The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the proposed *Accardi* claim.

For these reasons, the Court concludes that Petitioner is not entitled to relief.  Accordingly, it is:

**ORDERED** that Petitioner Tayluma Del Sol Gonzalez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory & Injunctive Relief (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 19, 2026.

Fernando Rodriguez, Jr.
United States District Judge

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions